ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL[1]

| MMG I PR CR LLC<br><br>Apelado<br><br>v.<br><br>FRANCISCO FONTÁNEZ RIVERA, *ET AL.*<br><br>Apelante | KLAN202301084 | Apelación procedente del Tribunal de Primera Instancia, Sala de Guayama<br><br>Civil Núm.:<br>G CD2017-0085<br><br>Sobre:<br>Cobro de Dinero y Ejecución de Hipoteca |

Panel integrado por su presidente, el Juez Figueroa Cabán, la jueza Grana Martínez, el juez Rodríguez Flores

**Figueroa Cabán, Juez Ponente**

**SENTENCIA**

En San Juan, Puerto Rico a 22 de diciembre de 2023.

Comparecen el señor Francisco Fontánez Rivera, la señora Virginia Berríos Huertas y la Sociedad Legal de Gananciales compuesta por ambos, en adelante los señores Fontánez-Berríos o los apelantes, y solicitan que revoquemos una *Sentencia* emitida el 6 de mayo de 2021, por el Tribunal de Primera Instancia, Sala de Guayama, en adelante TPI, notificada y archivada en autos el 11 del mismo mes y año. Mediante la misma se declaró ha lugar una *Demanda* de cobro de dinero y ejecución de hipoteca presentada por MMG I PR CR LLC, en adelante MMG I o la apelada.

Por los fundamentos que expondremos a continuación, se desestima el recurso de *Apelación* por falta de jurisdicción, por tardío.

---

[1] OAJ2021-086.

Número Identificador
SEN2023_____

**-I-**

Surge de los autos originales y del expediente del pleito de epígrafe, que el **6 de mayo de 2021, notificada el 11 del mismo mes y año**, el TPI declaró con lugar la *Demanda* de cobro de dinero y ejecución de hipoteca, presentada por MMG I, y dictó *Sentencia* a favor de la apelada y en contra de los señores Fontánez-Berríos, en la que, en síntesis, les ordenó pagar las sumas adeudadas o en su defecto, vender el bien inmueble hipotecado en pública subasta.[2]

Oportunamente, los apelantes presentaron una *Moción Solicitando Reconsideración de Sentencia,*[3] que el TPI declaró no ha lugar.[4]

Inconformes con dicha determinación, los apelantes acudieron a este tribunal intermedio mediante el recurso clasificado alfanuméricamente como KLAN202200788.[5] En dicha ocasión, acogimos el recurso como una petición de *certiorari*, revocamos la resolución recurrida y ordenamos la devolución del caso al Tribunal de Primera Instancia para la continuación de los procedimientos. Específicamente, dispusimos lo siguiente:

> [C]omo todavía no se ha adjudicado la *Moción Solicitando Reconsideración de Sentencia* de 19 de mayo de 2021, los términos para solicitar la revisión de la *Sentencia* de **6 de mayo de 2021** quedaron interrumpidos. Por lo tanto, dicha sentencia no es final ni firme y en consecuencia, la Orden que autoriza su ejecución es inoficiosa. Como se desprende de la normativa previamente expuesta, los términos para revisar en alzada la *Sentencia* de **6 de mayo de 2021** comenzarán a correr nuevamente a partir de la fecha en que se archive en autos la notificación de la resolución resolviendo la moción de reconsideración presentada por los Sres. Fontánez-Berríos, lo que no ha ocurrido todavía.[6]

---

[2] Apéndice de los apelantes, págs. 109-130.
[3] *Id.*, págs. 131-153.
[4] *Id.*, pág. 206.
[5] *Id.*, págs. 232-239.
[6] *Id.*, págs. 238-239. (Énfasis en el original).

Cónsono con lo anterior, el TPI emitió una *Resolución* en la que ordenó lo siguiente:

> Recibido el Mandato del Tribunal de Apelación, tenga la parte demandante, MMG I PR CR, LLC, el término de **diez (10) días** para exponer posición a la *Moción Solicitando Reconsideración de Sentencia* presentada por la parte demandada el 21 de mayo de 2022.[7]

De conformidad con la orden emitida, la apelada presentó una *Moción en Cumplimiento de Orden y en Oposición a Reconsideración de Sentencia*.[8]

Así las cosas, el 26 de septiembre de 2023, notificada ese mismo día, el TPI emitió una *Resolución* en la que dispuso:

> Examinada la **"MOCIÓN SOLICITANDO RECONSIDERACIÓN"** presentada el 21 de mayo de 2021 por la parte demandada, Francisco Fontánez y otros; y la **"MOCIÓN EN CUMPLIMIENTO DE ORDEN Y EN OPOSICIÓN A RECONSIDERACIÓN DE SENTENCIA"** presentada el 24 de julio de 2023 por la parte demandante, MMG I PR CR, LLC, el Tribunal dispone lo siguiente:
>
> **NO HA LUGAR** a la solicitud de reconsideración de la Sentencia presentada por la parte demandada.[9]

En desacuerdo con la denegatoria de la moción de reconsideración, el 11 de octubre de 2023, los apelantes presentaron una *Moción Solicitando Reconsideración*.[10]

Por su parte, MMG I presentó una *Moción en Torno a Segunda "Moción Solicitando Reconsideración"*.[11]

En dicho contexto procesal, el 1 de noviembre de 2023, notificada el 2 del mismo mes y año, el TPI emitió la siguiente *Resolución*:

> Examinada la **"MOCIÓN SOLICITANDO RECONSIDERACIÓN"** presentada el 11 de octubre de 2023 por la parte demandada, Francisco Fontánez y otros; y la **"MOCIÓN EN TORNO A SEGUNDA "MOCIÓN SOLICITANDO RECONSIDERACIÓN"** presentada el 31 de octubre de 2023 por la parte demandante, MMG I PR CR, LLC, el Tribunal dispone lo siguiente:

---

[7] *Id.*, pág. 242. (Énfasis en el original).
[8] *Id.*, págs. 243-255.
[9] *Id.*, pág. 256. (Énfasis en el original).
[10] *Id.*, págs. 257-311.
[11] *Id.*, págs. 312-314.

> **NO HA LUGAR** a la solicitud de reconsideración de la Sentencia presentada por la parte demandada.[12]

Nuevamente inconformes, el **4 de noviembre de 2023**, los señores Fontánez-Berríos presentaron una *Apelación*, en la que alegan que el TPI incurrió en tres errores que ameritan la intervención de este foro apelativo.

Luego de revisar el escrito de los apelantes y los documentos que obran en autos, estamos en posición de resolver.

-II-

A.

La Regla 47 de Procedimiento Civil regula la figura procesal de la reconsideración y en lo aquí pertinente dispone:

> La parte adversamente afectada por una sentencia del Tribunal de Primera Instancia podrá presentar, dentro del término jurisdiccional de quince (15) días desde la fecha de archivo en autos de copia de la notificación de la sentencia, una moción de reconsideración de la sentencia.
>
> . . . . . . . .
>
> **Una vez presentada la moción de reconsideración quedarán interrumpidos los términos para recurrir en alzada para todas las partes. Estos términos comenzarán a correr nuevamente desde la fecha en que se archiva en autos copia de la notificación de la resolución resolviendo la moción de reconsideración.**[13]

De lo anterior se desprende, que una vez se presenta oportunamente una moción de reconsideración que cumple con todas las especificidades allí dispuestas, se interrumpirán los términos para solicitar revisión al foro de mayor jerarquía hasta que el Tribunal de Primera Instancia resuelva la reconsideración.

---

[12] *Id.*, pág. 316. (Énfasis en el original).
[13] Regla 47 de Procedimiento Civil, 32 LPRA Ap. V, R. 47. (Énfasis suplido).

Consecuentemente, el término para apelar comenzará a transcurrir nuevamente a partir de la notificación de la resolución adjudicando la moción de reconsideración.[14]

Ahora bien, como regla general, nuestro ordenamiento procesal civil reconoce a un litigante el derecho a presentar **una** moción de reconsideración. Por excepción, **una parte puede presentar una moción de reconsideración adicional** cuando el dictamen apelado ha sido alterado sustancialmente.[15] En otras palabras, cuando la moción de reconsideración presentada modifica o enmienda la sentencia original de forma sustancial, o altera significativamente el resultado del caso.[16]

## B.

En lo aquí pertinente, la Regla 52.2 (a) de Procedimiento Civil dispone que el recurso de apelación de una sentencia del Tribunal de Primera Instancia se tiene que presentar ante el Tribunal de Apelaciones, dentro del plazo jurisdiccional de treinta (30) días contados desde el archivo en autos de la copia de la notificación de la sentencia.[17]

Además, el término para apelar ante el Tribunal de Apelaciones se considera interrumpido al presentar oportunamente una moción formulada sobre las apelaciones provenientes del Tribunal de Primera Instancia, resolviendo definitivamente una moción de reconsideración sujeto a lo dispuesto en la Regla 47.[18] Bajo este supuesto, la segunda moción de reconsideración

---

[14] *Caro v. Cardona*, 158 DPR 592, 603 (2003); *Castro v. Sergio Estrada Auto Sales, Inc.*, 149 DPR 213, 221 (1999).
[15] *Marrero Rodríguez v. Colón Burgos*, 201 DPR 330, 341 (2018).
[16] *Báez Figueroa v. Adm. Corrección*, 209 DPR 288, 309 (2022).
[17] 32 LPRA Ap. V, R. 52.2 (a).
[18] 32 LPRA Ap. V, R. 52.2 (e).

tiene que ir "…dirigida exclusivamente a los nuevos pronunciamientos de la sentencia enmendada, pues esta sentencia enmendada constituye nueva providencia judicial distinta y separada de la original…".[19]

**1.**

Del mismo modo, la Regla 13 (A) del Reglamento del Tribunal de Apelaciones establece:

> Las apelaciones contra sentencias dictadas en casos civiles por el Tribunal de Primera Instancia, **se presentarán dentro del término jurisdiccional de treinta (30) días contados desde el archivo en autos de una copia de la notificación de la Sentencia.**
> …
> **Si la fecha de archivo en autos de copia de la notificación de la sentencia es distinta a la del depósito en el correo de dicha notificación, el término se calculará a partir de la fecha en el depósito en el correo.**[20]

**C.**

Por otro lado, en materia de jurisdicción, el Tribunal Supremo de Puerto Rico ha resuelto que los tribunales deben ser celosos guardianes de su jurisdicción, viniendo obligados a considerar dicho asunto aún en ausencia de señalamiento a esos efectos por las partes, esto es, *motu proprio*.[21] Así, el tribunal que no tiene la autoridad para atender un recurso, sólo tiene jurisdicción para así declararlo y desestimar el caso.[22] En síntesis, si un tribunal carece de jurisdicción también carece de discreción, y los tribunales no tienen discreción para asumir jurisdicción

---

[19] J. A. Cuevas Segarra, *Tratado de Derecho Procesal Civil*, 2ª ed., San Juan, Ed. JTS, 2011, T. IV, pág. 1369.
[20] Regla 13(A) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B. (Énfasis suplido).
[21] *Ruiz Camilo v. Trafon Group Inc.*, 200 DPR 254, 268 (2018); *Ríos Martínez, Com. Alt. PNP v CLE*, 196 DPR 289, 296 (2016); *Pérez Soto v. Cantera Pérez, Inc. et al.*, 188 DPR 98, 105 (2013); *Juliá v. Epifanio Vidal, S.E.*, 153 DPR 357, 362 (2001); *Vázquez v. ARPE*, 128 DPR 513, 537 (1991); *López Rivera v. Aut. de Fuentes Fluviales*, 89 DPR 414, 419 (1963).
[22] *Ruiz Camilo v. Trafon Group Inc., supra*, pág. 269.

donde la ley no la confiere.[23] La falta de jurisdicción no puede ser subsanada, ni el Tribunal puede arrogársela.[24]

## -III-

Surge del tracto procesal previamente expuesto, que los señores Fontánez-Berríos presentaron oportunamente una moción de reconsideración de la *Sentencia* dictada el 6 de mayo de 2021 y notificada el 11 del mismo mes y año. En consecuencia, se interrumpieron los términos para apelar la sentencia en cuestión.

Ahora bien, ¿hasta cuándo se paralizó el término para apelar la sentencia en controversia? Hasta que el TPI archivara en autos la notificación de la *Resolución* resolviendo la moción de reconsideración, oportunamente presentada.

Por su parte, el **26 de septiembre de 2023**, el TPI archivó en autos copia de la *Resolución* en la que declaró no ha lugar la moción de reconsideración presentada por los apelantes el 21 de mayo de 2021.

Debido a que, como consecuencia de la moción de reconsideración, el TPI no modificó en absoluto la *Sentencia* de 6 de mayo de 2021, notificada el 11 del mismo mes y año, los señores Fontánez-Berríos tenían **30 días o hasta el 26 de octubre de 2023** para presentar su recurso de apelación ante el Tribunal de Apelaciones. **No podían presentar una segunda moción de reconsideración**

---

[23] *Id.*
[24] *Fuentes Bonilla v. ELA,* 200 DPR 364, 372-373 (2018); *Peerless Oil v. Hermanos Torres Pérez*, 186 DPR 239, 249 (2012); *Szendrey v. F. Castillo*, 169 DPR 873, 883 (2007); *Martínez v. Junta de Planificación*, 109 DPR 839, 842 (1980); *Maldonado v. Pichardo*, 104 DPR 778, 782 (1976).

**de la Sentencia de 6 de mayo de 2021**. No obstante, eso fue lo que precisamente hicieron.

A la luz de lo anterior, es forzoso concluir, que el recurso de apelación, presentado el **4 de diciembre de 2023**, es decir, 39 días de expirado el término jurisdiccional, es tardío y carecemos de jurisdicción para atenderlo.

### -IV-

Por los fundamentos antes expuestos, se desestima el recurso de *Apelación* por falta de jurisdicción, por tardío.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones